IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Durell Fitchett,                )
    Petitioner,              )
                                )
v.                              )      1:23-cv-383 (PTG/WEF)
                                )
Bruce D. Jones, Jr.,            )
    Respondent.              )

## MEMORANDUM OPINION and ORDER

Durell Fitchett ("Petitioner" or "Mr. Fitchett"), a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2014 convictions and sentences in the Circuit Court of Northampton County, Virginia, for second-degree murder and use of a firearm in the commission of a felony. Dkt. 1.[1] The final judgment order was entered on November 17, 2014. Dkt. 1 at 1. Mr. Fitchett's federal habeas petition is deemed filed on December 22, 2021, which is the earliest Mr. Fitchett could have filed his petition.[2] The petition therefore is untimely under § 2244(d) unless he establishes that the statute of limitations does not apply or should otherwise be tolled. *See Hill v. Braxton*, 277 F.3d 701, 707

---

[1] The petition raises two claims: 1) that Mr. Fitchett's attorney was ineffective because Mr. Fitchett told his attorney that he had Traumatic Brain Injury ("TBI") before his trial and that he needed a psychological examination to see if he was "fit to stand" trial and to evaluate his sanity at the time of the offenses; and 2) that his attorney was ineffective because he "manipulated" Mr. Fitchett into entering an *Alford* plea. Dkt. 1-1 at 2, 3.

[2] Mr. Fitchett filed a federal habeas petition on or about December 22, 2021 that was dismissed without prejudice on May 5, 2022, because he had not paid the filing fee. *Fitchett v. Jones*, No. 1:22-cv-38, Dkts. 1, 10. During the process of filing the instant petition, it was determined that Mr. Fitchett had sent in a filing fee for *Fitchett v. Jones*, No. 1:22-cv-38, but it was received well past the time allotted. *Id.* at Dkt. 15. In order to prohibit any prejudice to Mr. Fitchett, this petition will be deemed to relate back to the date he filed the previous federal petition, December 22, 2021.

(4th Cir. 2002) (requiring notice and the opportunity to respond before a *sua sponte* dismissal under § 2244(d)).

In his petition, Mr. Fitchett avers that the petition is timely because he had a traumatic brain injury ("TBI"), did not know of or was unaware of the statute of limitations, and did not know "how to do this petition without assistance." Dkt. 1 at 13.[3] On July 10, 2023, the Court addressed the timeliness of the federal petition and determined that: Mr. Fitchett's conviction became final on December 17, 2014, thirty days after judgment was entered, because he did not appeal his convictions; over seven years had passed between the date his convictions became final and the date he filed his federal petition; and his first post-conviction filing was a state petition for a writ of habeas corpus that Mr. Fitchett filed in the Supreme Court of Virginia on December 3, 2018. Dkt. 4 at 3 (citing *Fitchett v. Dep't of Corrs.*, No. 181700 (Va. Dec. 3, 2018, filing date)). The Court found that because more than one year had passed between December 17, 2014, the date Mr. Fitchett's convictions became final, and the date he filed his state court post-conviction motion or petition, his state habeas petition did not toll the one-year federal statute of limitations. *Id.* at 4. The Court also found that equitable tolling was not warranted and provided Mr. Fitchett thirty days to contest the application of the one-year statute of limitations or establish that he is entitled to equitable tolling. *Id.* at 5.[4] The Court based its finding upon Mr. Fitchett's conclusory assertion

---

[3] The offenses occurred on April 13, 2013, over a year after the unrelated motor vehicle accident occurred that resulted in his TBI. Dkt. 1-1 at 6; Dkt. 9 at 40.

[4] In the July 10, 2023 order, the Court explained to Mr. Fitchett why his conclusory statement in his federal petition was inadequate and that therefore equitable tolling was not warranted.

> Petitioner fails to explain the steps he took to diligently pursue his rights between December 2014 and December 22, 2021, the date he filed his previous federal petition. Petitioner has provided no records to substantiate his claim that he had a traumatic brain injury at the time of trial, including the injury's nature and circumstances, any treatment he received, or whether he underwent any examination at trial. More than three years passed between December 17, 2014, the date that Petitioner's convictions became final, and December 3, 2018, the date

2

of TBI as his basis for seeking to excuse his untimeliness and his failure to explain why two years had passed between the dismissal of his first state habeas petition on May 15, 2019, and his filing of the federal habeas petition on December 22, 2021. *Id.*

On July 31, 2023, Mr. Fitchett filed a "Motion for Extension of Time and Injunction" to obtain a "mental health and neurological examination[]" which he argued was "necessary to provide proof of [his] (TBI) Traumatic Brain Injury." Dkt. 5. Mr. Fitchett argued that an injunction was "necessary to encourage [the Virginia Department of Corrections] and the Mental Health Department of Sussex I State Prison to schedule said examination expeditiously." *Id.* On August 2 and 22 of 2023, Mr. Fitchett filed 125 pages of copies of his medical records, which were unaccompanied by a brief explaining the documents. Dkts. 6, 9.

On January 18, 2024, after reviewing the medical records submitted, the Court found that Mr. Fitchett had not submitted any evidence that his 2012 TBI in any way impeded his ability to file a timely federal habeas petition, or that equitable tolling is applicable, stating that "the records Petitioner submitted establish that while he did suffer a TBI in 2012, that injury has not impacted his mental abilities in any significant manner." Dkt. 12 at 9.[6] The January 18, 2024 Memorandum Opinion and Order concluded that Mr. Fitchett had filed a state habeas petition in 2018 and was working on another habeas corpus petition prior to August 2, 2019. *Id.* at 9. The Court noted that in the approximately four months between the Court's July 10, 2023 and January 18, 2024 orders, Mr. Fitchett had neither submitted anything to establish that he had requested, much less obtained,

---

that Petitioner filed his first state habeas petition. Furthermore, over two years passed between the first state habeas petition's dismissal on May 15, 2019[,] and Petitioner's filing of the federal habeas petition on December 22, 2021.

Dkt. 4 at 4-5.

[6] The January 18, 2024 Memorandum Opinion and Order summarized relevant portions of the medical records. Dkt. 12 at 3–7.

3

any additional medical evaluations or records; nor did he identify the existence of an impediment that prevented him from filing his federal habeas in a timely manner. The Court afforded Mr. Fitchett an additional thirty days to provide him time to submit any other materials he may have accumulated. *Id.* at 9-10. On March 13, 2024, Mr. Fitchett filed a response. Dkt. 13.

Mr. Fitchett's response argues in a conclusory fashion that it would be a miscarriage of justice not to consider the merits of his petition, that he was denied access to the courts, and that the Court should ignore the records he submitted. *Id.* at 1–2. The response takes issue with the "tone" of the Court's January 18, 2024 Memorandum Opinion and Order, but it does not contest the Court's findings that, despite the fact that more than one year has passed since he filed his petition, Mr. Fitchett has failed to submit any evidence that the TBI he suffered in 2012 impeded his ability to file a timely federal habeas petition. *See generally id.* Mr. Fitchett's response also fails to address the fact that he was able to file a state habeas petition in 2018 and was working on another habeas corpus petition before August 2, 2019—all of which occurred before COVID-19 lockdowns. Mr. Fitchett has not submitted any evidence that the TBI that he suffered in 2012 impeded his ability to file a timely federal habeas petition, or that equitable tolling is applicable. Accordingly, this petition is time-barred, and must be dismissed, with prejudice.

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* 28 U.S.C. § 2253(c)(1)(A) (prohibiting an appeal to the respective court of appeals from a final order concerning a habeas corpus petition "[u]nless a circuit justice or judge issues a certificate of appealability"). A certificate of appealability ("COA") will not issue absent "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a district court dismisses a petition solely based on procedural grounds, and does not address the underlying constitutional claims, *Slack* instructs the court to issue a COA only when the petitioner demonstrates that "jurists of reason" would find both the petition's "claim of the denial of a constitutional right" and the district court's dispositive procedural ruling "debatable[.]" *Id.*. As to whether the procedural ruling is "debatable[,]" *Slack* further advises that when the procedural bar present is "plain" and "the district court is correct to invoke it to dispose of the case," "jurists of reason" could not find "that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

Here, reasonable jurists could debate neither the Court's conclusion that the petition is time-barred nor its conclusion that statutory or equitable tolling was unwarranted. After reviewing his medical records, the Court found that equitable tolling was not applicable, and granted him an additional thirty days to file any further response. His most recent response also fails to establish any impediment that prevented him from filing a timely federal petition or that equitable tolling is warranted. Thus, this Court will not issue a COA to Petitioner. Petitioner may, however, seek a COA from the Fourth Circuit. Where a district court denies a COA, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2254 Cases U.S. District Courts.

Accordingly, it is hereby

**ORDERED** that this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE** as untimely.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the petitioner wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision. Petitioner also must obtain a certificate of appealability ("COA") from a circuit justice or judge. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

The Clerk is directed to send a copy of this Order to Mr. Fitchett and close this civil action.

Entered this /s/ day of July, 2024.
Alexandria, Virginia

Patricia Tolliver Giles
United States District Judge